UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO: 7:13-CV-00094-BR

| | | |
|---|---|---|
| FAISAL ISMAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED TRANSPORTATION UNION, CSX TRANSPORTATION, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to void judgment. (DE # 76.) Also pending before the court is plaintiff's motion for an extension of time and stay of court proceedings. (DE # 79.) The issues raised have been fully briefed and are now ripe for disposition.

## I. BACKGROUND

On 8 May 2013, plaintiff commenced this action against defendants CSX Transportation, Inc., ("CSXT"), and United Transportation Union, ("UTU"), alleging claims for employment discrimination and hostile work environment. On 29 October 2014, defendants moved for summary judgment. By order dated 27 April 2015, the court found that plaintiff: (1) failed to make out a prima facie case of employment discrimination; and (2) failed to show the conduct of his coworkers was sufficiently severe or pervasive to maintain a hostile work environment claim. Accordingly, the court granted defendants' motions for summary judgment.

On 1 June 2015, plaintiff filed the pending motion to void judgment. (DE # 76). CSXT filed a response on 18 June 2015. (DE # 77.) UTU filed a response on 23 June 2015. (DE #

78.) On 24 July 2015, plaintiff filed a motion to extend time to file a reply and for stay of court proceedings. (DE #79.) CSXT filed a response on 14 August 2015. (DE # 82.)

## II. ANALYSIS

### A. Motion to Void Judgment

Plaintiff's motion is entitled a "notice" of "void judgment" and requests that the court "vacate its judgment for granting SUMMARY JUDGMENT to Defendants[.]" (Mot., DE # 76, at 1.) Within the motion, plaintiff asserts that defendants moved for summary judgment "with knowledge, in bad faith, perjury, fraud, mislead, and prevent the administration of justice." (Id. at 3.) In addition, plaintiff claims that the court's summary judgment order violated his constitutional right to a jury trial. (Id. at 2.) Plaintiff also alleges that he was wrongfully denied oral argument, as well as the opportunity to call witnesses. (Id. at 2, 5.)

In his motion, plaintiff cites Rule 56 of the Federal Rules of Civil Procedure to support his contention that the court should vacate its judgment. (Id. at 2.) However, Rule 56 does not authorize the court to set aside a prior judgment. See Fed. R. Civ. P. 56 (setting forth the standard and procedures for presenting and deciding summary judgment motions). Rather, Rule 59(e) permits a district court to alter or amend a prior judgment, and Rule 60 provides for relief from judgment. See Fed. R. Civ. P. 59(e), 60(b). Therefore, the court will consider plaintiff's arguments under both Rules 59(e) and 60(b).

**1. Rule 59(e)**

Pursuant to Rule 59(e), a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed the instant motion on 1 June 2015, 35 days after the court's order granting summary judgment to

defendants. To the extent that plaintiff challenges the court's order under Rule 59(e), the court finds that plaintiff's motion is untimely.

**2. Rule 60(b)**

Rule 60(b) allows a court to relieve a party from final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). To set aside a judgment under Rule 60(b), a movant must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). Once a movant makes this threshold showing, he must then satisfy at least one of the six grounds for relief provided in Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's motion, which is styled as a "notice" of "void judgment," appears to seek relief under Rule 60(b)(4). "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). In his motion, plaintiff makes no claim of a jurisdictional or procedural error. Accordingly, plaintiff's assertion that the judgment is void is without merit.

3

Plaintiff's motion also appears to be premised under Rule 60(b)(3) based on defendants' alleged misconduct and fraud on the court. Rule 60(b)(3) allows a court to provide relief due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief under Rule 60(b)(3), the moving party must prove misconduct by clear and convincing evidence. Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994). Plaintiff claims that "[t]he declarations the defendants submitted are known to them and their attorneys to be in bad faith, perjury, and fraud." (Mot., DE # 76, at 5.) Plaintiff further contends that "witnesses are not willing to come forward [sic] fear of retaliation." (Id.) However, plaintiff has presented no evidence to support his allegations of fraud and misconduct. See Harris v. Mapp, 719 F. Supp, 1317, 1328 (E.D. Va. 1989) (finding that suspicious circumstances alone were insufficient to establish clear and convincing evidence of fraud on the part of the defendant). Accordingly, the court finds that plaintiff's unsupported allegations do not merit relief under Rule 60(b)(3).

In his motion, plaintiff also asserts that the court's prior order should be vacated because the court violated his constitutional right to a jury trial, denied him oral argument, and failed to consider the content of audio recordings he submitted in making its ruling. Plaintiff's remaining arguments appear to be premised under Federal Rule of Procedure Rules 60(b)(6), which authorizes a court to grant relief from a final judgment "when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011). The Fourth Circuit has noted that the catchall provision of Rule 60(b)(6) may only be invoked in "extraordinary circumstances." Id.

As to plaintiff's argument that he was denied his Seventh Amendment right to a jury trial, the Federal Rules require a court to grant summary judgment if the record before the court

4

"show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(c).  It is well established that summary judgment will be granted where a plaintiff is unable to carry his burden in an employment discrimination case.  See Henson v. Liggett Group, Inc., 61 F.3d 270, 277 (4th Cir. 1994).  In this case, the court granted summary judgment to defendants after finding that plaintiff failed to make out a prima facie case of employment discrimination, and failed to proffer sufficient evidence that he was subjected to an objectively hostile work environment.  Because the court determined that there are no disputed material facts, the court's summary judgment order did not violate plaintiff's right to a jury trial.

Plaintiff next contends that the administration of justice required the court to conduct an oral hearing.  (Mot., DE # 76, at 2.)  Pursuant to Local Civil Rule 7.1(i), "[h]earings on motions may be ordered by the court in its discretion" and "[u]nless so ordered, motions shall be determined without a hearing."  Plaintiff contends that the court should have at least held an oral hearing because he is a non-native English speaker and is pro se.  Despite plaintiff's assertions regarding his command of the English language, the court notes that plaintiff was able to adequately present facts and legal arguments in the materials he submitted to the court.  Therefore, the court finds that plaintiff was not entitled to a hearing on defendants' motions for summary judgment.

Finally, plaintiff argues that the court's order should be vacated because the court declined to consider a CD containing audio recordings of several conversations plaintiff allegedly had with coworkers.  As the court has already addressed this issue in its prior order, it need not do so again.

In sum, the court finds that plaintiff is not entitled to set aside judgment under Rule 60(b). Plaintiff's allegations provide no basis for this court to set aside its order for any of the enumerated reasons given in Rule 60(b)(1)-(5). Moreover, plaintiff has failed to demonstrate any extraordinary circumstances justifying relief from the court's prior order under Rule 60(b)(6).

**B. Motion for Extension of Time and Stay of Court Proceedings**

On 24 July 2015, plaintiff filed a motion requesting the court to grant an extension of time to reply to defendants' responses and a stay of court proceedings. (DE # 79.) Within the motion, plaintiff also asks the court "add to the action the termination of my employment while out on sick leave." (Id. at 1.)

As noted by CSXT in its response in opposition, plaintiff filed the instant motion after the time for filing a reply had already expired. Pursuant to Rule 6(b), a "court may, for good cause, extend the time" by which "an act may or must be done." Fed. R. Civ. P. 6(b). When a party seeks an extension of time after a filing deadline has passed, Rule 6(b) permits a district court to grant extensions only upon a showing of "excusable neglect." See Fed. R. Civ. P. 6(b)(1)(B). The basis of plaintiff's request for an extension is that he has been involved in an ongoing child custody and child support dispute. Although the court is sympathetic to plaintiff, his stated reason does not qualify as excusable neglect. The court notes that it was able to adequately decide plaintiff's motion to void judgment with the parties' briefs on this matter.

Plaintiff also appears to seek leave to amend his complaint to add a claim regarding the termination of his employment. The court has already granted summary judgment in favor of defendants. The district court may not grant a post-judgment motion to amend "unless the judgment is vacated pursuant to Rule 59(e) or Rule 60(b)." Laber v. Harvey, 438 F.3d 404, 427

6

(4th Cir. 2006) (citations omitted).  As noted above, the court finds that setting aside its prior judgment through a Rule 59(e) or Rule 60(b) motion is improper.  Therefore, the court must deny plaintiff's request to amend as well.

As a final matter, plaintiff asks the court to stay proceedings so that he can resolve an ongoing family court matter.  The court has already entered judgment on plaintiff's claims.  The court has also denied plaintiff's motion to vacate its summary judgment order.  Thus, this case is over, and a stay is not necessary.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion to void judgment, (DE # 76), is DENIED.  Plaintiff's motion to extend time and for stay of court proceedings, (DE # 79), is DENIED.

This 28 August 2015.

_____
W. Earl Britt
Senior U.S. District Judge